It is not necessary to examine the other questions discussed
on this appeal, as, for the reasons above mentioned, the judg-
ment cannot be sustained.

Judgment reversed and case sent back to the referee. Costs
to abide the event.

---

## HAUPTMAN *a.* CATLIN.

*New York Common Pleas; General Term, March,* 1857.

MECHANICS' LIEN.—ACT OF 1851.—CONTENTS OF NOTICE.—
WIFE'S SEPARATE ESTATE.

The mechanics' lien law of 1851 (*Laws of* 1851, 953) operates to authorize a lien
to be created for work done or materials furnished since the act took effect,
although under a contract made before that date.

Where a contract for work and materials to be furnished towards the erection of
a building in the city of New York, is made with an *agent* of the owner, it is
not necessary that a notice filed to create a lien under the act of 1851 should
state the name of the person with whom the *contract* was made.

The notice is sufficient in this respect if it specifies the name of the person against
whom the *claim* is made, and the name of the owner of the building.

Where labor is performed, or materials furnished upon a building which is the
separate property of a married woman, they may be the basis of an equitable
claim against the property benefited, which may properly be enforced as such
by the proceedings to enforce a mechanic's lien.

Appeal from a judgment in favor of plaintiff entered upon the
report of a referee.

This action was brought by Arthur Hauptman against John
M. Catlin and Catharine A., his wife, to foreclose a mechanic's
lien upon a house and lot, the separate property of the wife.
The facts are sufficiently stated in the opinion.

*W. J. Street,* for the appellants.

*H. Smales,* for the respondents.

By THE COURT—BRADY, J.—The referee finds that on divers days from July 1, 1851, until about the month of March, 1852, the plaintiff performed labor and furnished materials in painting, glazing, varnishing, and graining the house mentioned in the complaint. At the time of the commencement of the work, the act of 1844, for the better security of mechanics and others erecting buildings and furnishing materials therefor in the city and county of New York (*Laws of* 1844, 339), was in force. The second section of that act required the incipient measures to effect the lien created to be taken within twenty days after the making the contract, or commencing the performance of such labor, or the furnishing of said materials. The act of 1844 was repealed by the act of 1851, passed on the 11th of July in that year (*Laws of* 1851, 953), and the plaintiff omitted to take any proceedings to perfect or acquire the lien secured by the act of 1844, within the twenty days allowed thereby. The act of 1851 took effect twenty days after its passage, no different time being therein prescribed (1 *Rev. Stats.*, 157), and the plaintiff within the six months after the performance of his work, as prescribed by that act, filed his lien.

It is urged against the plaintiff's recovery in this action, which is a proceeding to enforce that lien, that the contract having been made prior to the act of 1851, that act has no application to it, because it would alter the rights of the parties to the contract so as to impair its obligation, would be retroactive, and would take the property of the owner without due process of law. I think this objection cannot be sustained. A State may regulate at pleasure the modes of proceeding in its courts in relation to past contracts as well as in respect to future ones, and a power must reside in every State government enabling it to secure its citizens from unjust and harassing litigation, and to protect them in those pursuits which are necessary to the existence and well-being of every community (Brensen *v.* Kinsie, 1 *How. U. S. R.*, 311 ; M'Cracken *v.* Hayward, 2 *Ib.*, 608). The statute in question does not in any sense relieve the party contracting from the performance of his agreement, or deprive the employer of any existing right to enforce it in all respects, or take the property of the owner without due process of law, and I understand in what aspect the case presents itself for the application of these constitutional objections. The remedy is changed, it is true, and

a lien created upon the building, which is the result, in part or
in whole, of the labor performed, or towards the construction
of which the materials are furnished, but nothing more, and to
this extent the power of the Legislature cannot now be doubted.

I think, however, that under the act of 1851 the recovery
must be limited to the work done or materials furnished after
it took effect, and that the plaintiff cannot enforce any lien there-
under for any work done or materials furnished prior to Au-
gust 1, 1851, on which day that act took effect. The first sec-
tion does not apply to work performed or materials furnished
under contracts only made thereafter, but as well to work done
or materials furnished thereafter by virtue of any *existing* con-
tract. It cannot have been the intention of the Legislature to
abrogate the law of 1844, and by the passage of the act of 1851
to deprive the mechanic and material man of the protection de-
signed, where the contract was made but not entirely performed
when the latter act was passed. For these reasons I think that
it cannot be held that the plaintiff acquired no rights under the
act of 1851, because his contract was made when that act was
passed, either upon the phraseology of the statute itself or the
intention of the Legislature. This question has, however, al-
ready been presented to this court for consideration, and dis-
posed of in accordance with these views here expressed (Sullivan
*v.* Brewster, 1 *E. D. Smith,* 681 ; Donaldson *v.* O'Conner, *Ib.,*
695 ; Miller *v.* Moore, *Ib.,* 739).

The notice of lien filed, and on which this action is predicated,
alleges that the plaintiff has a " claim against John M. Catlin
and Catharine Ann, his wife, amounting to the sum of $923 ;
that the claim is made for and on account of work, labor, and
materials done and furnished towards the erection, completion,
and finishing of a certain four-story and basement brown-stone
front house ; and that such work, labor, and materials were done
and furnished in pursuance of a contract or agreement with the
said John M. Catlin, which building is owned by Catharine
Ann Catlin," &c., &c. It is insisted that the notice is defective,
because the contract was not stated to have been made with the
owner, and because it does not appear on the face of the notice
that it was made with the owner. The complaint, however, al-
leges, that Catharine Ann is the owner, and that the defendant,
John M. Catlin, in making the contract, *acted as her agent.*

These allegations are not denied by the answer, and are therefore admitted to be true. The first section of the act of 1851 provides that " any person who shall hereafter, by virtue of any contract with the owner thereof, or *his agent*, in conformity with the terms of such contract, perform any labor, or furnish materials," shall, upon filing the notice prescribed in the sixth section thereof, have a lien, &c. The sixth section referred to provides that within six months after the performance of such labor, or the furnishing of such materials, the contractor, &c., shall " serve a notice specifying the amount of the claim, and the person against whom the claim is made ; the name of the owner of the building, and the situation of the building by its street and its number therein, if the number be known." It will be perceived, on a perusal of that section, that it does not require a statement of the name of the person with whom the *contract* was made, but of the person against whom the *claim* is made, and the name of the owner of the building. The notice filed contains these particulars, and is not vitiated by making a claim against the defendant John M. Catlin, who, acting as agent, incurred no liability. That was unnecessary, and may be rejected as surplusage. Whether this be so or not, however, it is evident that the statute was complied with, and the notice sufficient. I concede that if the person against whom the *claim* is made, is neither the owner, his agent, nor his contractor, the lienor would fail in his action. But such is not the case here. The person against whom the claim is made, besides the owner, is admitted to be the agent of the owner, and to contracts by such an agent, as we have seen, the act extends.

Whether Mrs. Catlin had power or not to make a contract which would bind her as if a *femme sole*, it is not necessary for the purposes of this appeal to determine. The labor performed and materials furnished were for the benefit of her separate estate, and established a claim resting in contract, which a court of equity would enforce (Dyott *v.* The North American Coal Company, 20 *Wend.*, 570–573). The proceeding to enforce a lien is of an equitable character (Ingraham, J.—Owens *v.* Ackerson, 1 *E. D. Smith*, 691), and embraces such a claim (Randolph *v.* Leary, 4 *Abbotts' Pr. R.*, 205).

The finding of the referee as to the value of the work and materials is not against the weight of evidence, and cannot there-

fore be disturbed.   The proof was peculiar, but sufficient to ena-
ble him to arrive at a fair valuation.

In reference to the suggestion that the plaintiff's recovery
should be limited to work done and materials furnished after the
act of 1851 took effect, it may be proper to remark that there is
nothing in the referee's report which will warrant us in deter-
mining what amount, if any, was allowed to the plaintiff for
such work and materials ; that the amount reported due is so
much less than the amount claimed as to justify a presumption
that nothing was in fact allowed, and that for these reasons we
cannot modify the judgment.

Judgment affirmed.

---

## MURPHY *a.* LONG.

*New York Common Pleas ; General Term, May*, 1857.

### APPEAL.—INCREASING JUDGMENT.

The general term of the N. Y. Marine Court has no power, on appeal from a judg-
ment rendered at special term, to direct that it be modified by increasing the
amount.

The utmost that the court can do where a judgment appealed from is held to be
too small, is to direct a new trial unless the party against whom such judgment
is rendered consent that it be increased.

Appeal from a judgment of the New York Marine Court.

BY THE COURT—BRADY, J.—The justice at the special term of
the Marine Court rendered judgment for the plaintiff for $137.38
and $12.00 allowance.   The plaintiff appealed from the judg-
ment thereon entered to the general term of that court, and after
hearing the respective counsel for the parties, the general term
made an order that the judgment be so *modified* that the plain-
tiff recover of the defendant $209.88, together with $19.23, in all
$229.13, and that said judgment be entered as of January 29,
1856.

In thus increasing the judgment the general term exercised a
power not possessed by it, and never exercised by courts in banc